## United States District Court
### For the Eastern District of Pennsylvania

| | |
|---|---|
| **HARRY A. MAZAHERI** : | |
| 61 Spring Dell Road : | |
| Lancaster, PA 17601 : | |
| : | **CIVIL ACTION NO.** |
| Plaintiff, : | |
| v. : | |
| : | |
| : | |
| **PRUDENTIAL INSURANCE** : | **JURY TRIAL DEMANDED** |
| **COMPANY OF AMERICA,** : | |
| P.O. Box 13480 : | |
| Philadelphia, PA 19101 : | |
| : | |
| Defendant : | |
| : | |

### COMPLAINT

### *JURISDICTION AND VENUE*

1. The Court has jurisdiction over this matter pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 (federal question jurisdiction).

2. Venue is appropriate in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Plan is administered, and the defendant may be found in the Eastern District of Pennsylvania.

### *PARTIES*

3. Plaintiff Harry A. Mazaheri (hereinafter "Mazaheri") currently resides at 61 Spring Dell Road; Lancaster, Pennsylvania 17601.

4. Defendant Prudential Insurance Company (hereinafter "Prudential") is a foreign

corporation doing business throughout the United States and within the Eastern District of Pennsylvania, including but not limited to an office at 2101 Welsh Road; Dresher, Montgomery County, Pennsylvania, and an address to effectuate legal service at P.O. Box 13480; Philadelphia, Pennsylvania 19101.

### NATURE OF THE ACTION

5. This action seeks an award to plaintiff of disability income benefits pursuant to a policy of insurance underwritten by Prudential, to provide Long Term Disability Insurance Benefits (hereinafter "the Plan") to employees of Bank One Corporation.

6. The Plan provided at no cost to employees basic long term disability coverage equal to 50% of the employee's annual benefit pay.

7. The Plan offered additional benefits for additional consideration.

8. Mazaheri elected to purchase optional long term disability coverage in the amount of 70% of his annual benefit pay.

9. Prudential has identified the Plan as Group Policy G-56249.

10. On October 17, 2005, Mazaheri, through his attorneys, requested a copy of the plan or plans applicable to Mazaheri's disability claim. A copy of the October 17, 2005 letter is attached hereto as Exhibit "A" and made a part hereof as though fully set forth herein.

11. In response to the October 17, 2005 letter, Prudential failed to provide the actual plan documents.

12. Prudential had not provided to Mazaheri copies of the plan or plans applicable to

Mazaheri's disability claim.

13. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C.§ 1002(1).

14. The Plan was incident to Mazaheri's employment.

15. Mazaheri was a participant of the Plan as defined by 29 U.S.C. § 1002(7).

16. At all times relevant hereto, Prudential was and is the administrator and a fiduciary of the Plan, as well as the insurer and party obligated to pay benefits dues under the Plan.

17. Prudential has sole discretion to interpret the terms of the Plan, to make factual findings, and to determine eligibility for benefits.

### *FACTUAL BACKGROUND*

18. Mazaheri was employee of First USA as of March 16, 1998.

19. Bank One Corporation (hereinafter "Bank One") was a successor to First USA.

20. Mazaheri was actively employed by First USA or its successor entities from his first date of employment up until February 18, 2002, the onset of Mazaheri's disability.

21. Prudential started paying Mazaheri long-term disability benefits under the Plan on August 19, 2002.

22. Mazaheri performed senior executive duties at Bank One.

23. Mazaheri's home office was in Wilmington, Delaware, a 1 ½ hour one way drive from his home.

24. Mazaheri's job required him to supervise the work that Bank One had outsourced to various companies and subsidiaries in Omaha, Nebraska, Tempe, Arizona,

Chicago, Illinois, and Bangalore, India. In addition, Mazaheri managed large scale business critical efforts of Bank One.

25. Mazaheri has over 20 years of work experience-many in senior executive positions.

26. Mazaheri has over eight years of post-graduate education and two graduate degrees.

27. Mazaheri had surgery to replace his right hip in February 2001 and surgery to replace his left hip in February 2002.

28. In the Fall of 2002, he had a burscectomy.

29. Due to these surgeries, Mazaheri is unable to walk, stand or sit for significant periods of time without substantial pain.

30. Since 2000, Mazaheri has been under the care of several physicians for his illness and currently is on daily, multiple drug-based, pain management regimes.

31. Due to his disabilities, Mazaheri cannot travel long distances without taking strong pain medicine such as percocet.

32. When strong pain medicine such as percocet is in his system, Mazaheri is unable to perform at a high level required of a senior executive.

33. Due to Mazaheri's impairments, he has not been engaged in gainful employment since his last date of employment at Bank One.

34. Since the onset of his disability, Mazaheri has continuously met the Plan's post-24 month definition of disability.

35. Under the post-24 month definition of disability, one must be considered disabled if "due to the sickness or injury, he is unable to perform the duties of any gainful

occupation for which he is reasonably fitted by education, training or experience."

### DENIAL OF BENEFITS

36. On November 21, 2002, Prudential sent a letter to Mazaheri denying him continued benefits under the Plan.

37. On May 22, 2003, Mazaheri appealed the denial of benefits.

38. As a result of the appeal, Prudential granted Mazaheri benefits retroactively to the original cancellation date.

39. On June 9, 2004, Prudential sent Mazaheri a letter denying him continued benefits under the Plan.

40. Mazaheri timely appealed the second denial of benefits.

41. As a result of the appeal, Prudential granted Mazaheri benefits retroactively to the second cancellation date.

42. On April 26, 2005, Prudential sent a letter to Mazaheri denying him continued benefits.

43. The April 26, 2005 decision was based upon Prudential's determination that Mazaheri could with his disability earn 60% of his annual benefit pay.

44. The April 26, 2005 decision did not apply the correct standard as Mazaheri is entitled to Plan coverage unless he could with his disability earn 70% of his annual benefit pay.

45. The April 26, 2005 denial letter failed to notify Mazaheri of his right to appeal if Prudential did not respond to his appeal within 45 days and did not request an extension.

46. On October 17, 2005, Mazaheri timely appealed this third denial of benefits and provided additional evidence of disability, including but not limited to additional medical records.

47. Prudential has never responded to Mazaheri's timely appeal of the third denial of benefits.

48. Prudential never requested, in writing or otherwise, an extension of time for the determination of Mazaheri's claim appeal nor provided any reasons to Mazaheri for a need for an extension.

49. Mazaheri has exhausted his administrative remedies.

## COUNT I

## Violation of Terms of an Employee Welfare Benefit Plan and Claim for Benefits Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)

50. Paragraphs 1 to 49 are incorporated by reference as though fully set forth herein.

51. By failing to pay Mazaheri his disability benefits, Prudential has failed to provide benefits according to terms of the Plan.

52. Prudential's termination of disability benefits to Mazaheri were contrary to the terms of the Plan, unreasonable, arbitrary and capricious.

53. Prudential's denial of benefits was arbitrary and capricious because it failed to evaluate Mazaheri's status against the applicable definition of disability.

54. Prudential's denial of benefits was arbitrary and capricious because it failed to provide a full and fair review of Mazaheri's third appeal.

55. Because of Prudential's conflict of interest and self-interested decision process, its

disability decision is not entitled to any deference by this Court, and the issue should be decided de novo.

56. Because of Prudential's failure to exercise its discretion as it has failed to issue any opinion in response to Mazaheri's third appeal, this Court should not grant any deference to Prudential third denial of benefits, and Prudential's denial of benefits should be decided de novo.

57. By reason of Prudential's failure to pay disability benefits due to Mazaheri under the terms of the Plan, Mazaheri has been forced to retain attorneys to recover such benefits, for which he will incur attorney's fees.

58. Mazaheri is entitled to recover reasonable attorney's fees and costs of this action pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

WHEREFORE, Mazaheri requests that this Court enter a judgment against Prudential, requiring that Prudential provide past and future benefits due Mazaheri under the Plan in the amount equal to the contractual amount of benefits to which he is entitled; the Court order Prudential to pay Mazaheri pre-judgment interest on all benefits that have accrued prior to the date of the judgment; the Court order Prudential to continue paying Mazaheri benefits until such time as he meets the policy conditions for discontinuance of benefits; the Court order Mazaheri his attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and order for Mazaheri recovery of any and all other relief to which he may be entitled as well as costs of the suit.

## COUNT II

**Violation of Terms of an Employee Welfare Benefit Plan and Claim**

**for Benefits Under Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1)**

59. Paragraphs 1 to 58 are incorporated by reference as though fully set forth herein.

60. Prudential's complete failure to provide Mazaheri with the plans requested in the October 17, 2005 letter violates Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1).

61. Prudential is liable to Mazaheri in the amount of up to pay $100 a day starting with November 16, 2005.

WHERFORE Mazaheri requests that this Court enter a judgment against Prudential, requiring that Prudential provide copies of the Bank One Corporation's long term disability plans for which Prudential is an administrator from 2000 through the present date; the Court order Prudential to $100 a day starting on November 16, 2005; the Court order Mazaheri his attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and order for Mazaheri recovery of any and all other relief to which he may be entitled as well as costs of the suit.

ELIZABETH GOLDSTEIN, P.C.

Dated: 1/23/06         By: ____/s/_____

Elizabeth J. Goldstein, Esquire
Attorney for Plaintiff
Pennsylvania Attorney Id # 73779
355 North 21st Street
Camp Hill, PA 17011

Phone: (717) 724-0266
Fax: (717) 724-0288
egoldstein@elizabethgoldsteinlaw.com