IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY A. MAZAHERI | : | CIVIL ACTION |
| v. | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : | NO. 06-309 |

## MEMORANDUM

Baylson, J.                                                                                February 15, 2007

This is an ERISA case where the Plaintiff has filed a Motion to Compel Discovery (Doc. No. 17) and the Defendant has filed a Motion for a Protective Order (Doc. No. 20). The parties have submitted extensive briefing on the issue of discovery, but both parties have delved deeply into the merits of the case as well. This decision is limited to the discovery issues.

Plaintiff asserts that he is entitled to de novo review in which additional information, over and above what is in the administrative record, is relevant to show that the Defendant is liable and had a conflict of interest as both the administrator and funder of the ERISA benefits, and breached its obligations to the Plaintiff. On the other hand, Defendant maintains that Plaintiff is not entitled to any discovery of evidence outside the administrative record, which has been produced to Plaintiff, and that the terms of the ERISA plan make it clear that Defendant does not have any liability, and even if any external facts were available, they are not relevant and/or would not show that Defendant did anything improper under ERISA.

The Court believes that under the Third Circuit case of Pinto v. Reliance Standard Life Insurance, 214 F.3d 377 (3d Cir. 2000), because Defendant allegedly both funded and

administered benefits in this case, there may have been a conflict of interest and the Court may have to use the Pinto sliding scale of determining what form of arbitrary and capricious standard of review should apply in this case if Defendant is liable, but there is no de novo review.

The Court also believes, from Luby v. Teamsters, 944 F.2d 1176 (3d Cir. 1991) and Gritzer v. CBS Inc., 275 F.3d 291 (3d Cir. 2002), if there is de novo review, that there are certain ERISA situations in which external evidence, outside the administrative record, may be considered, and the Court may order discovery. Other circuits have criticized these cases, but they still remain Third Circuit law. Defendant asserts that their facts are distinguishable, and to a certain respect that is correct, but the Third Circuit cases have broad language that applies to Plaintiff's allegations.

The Court has determined that the appropriate and equitable way to deal with this discovery issue is to allow Plaintiff a limited amount of document discovery and to require Defendant to answer certain interrogatories and requests for admissions. The Court does not believe that this initial discovery ruling will be unduly burdensome; however, it may provide Plaintiff some relevant evidence and is also likely to provide the Court with more information with which to determine, if Plaintiff so requests, whether additional discovery should be required. Accordingly this Order is without prejudice for both parties renewing their positions after Defendant has supplied the discovery which the following Order will detail, most likely at a pretrial conference.

An appropriate Order follows.