United States District Court
For the Eastern District of Pennsylvania

| | |
|---|---|
| **HARRY A. MAZAHERI**<br>61 Spring Dell Road<br>Lancaster, PA 17601<br><br>　　　　Plaintiff,<br>　v.<br><br><br>**PRUDENTIAL INSURANCE**<br>**COMPANY OF AMERICA,**<br>P.O. Box 13480<br>Philadelphia, PA 19101<br>　　　　Defendant | :<br>:<br>:<br>:　**CIVIL ACTION NO. 2:06-cv-00309-MMB**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## PRE-JUDGMENT INTEREST,
## AND ATTORNEYS' FEES

1. This case arises from a denial of disability insurance benefits by Prudential.

2. Prudential funds and administers the disability insurance plan (the "Plan"), which Mazaheri purchased through his employer. Prudential's denial of disability benefits, which is the subject of this case, was contained in a Prudential April 26, 2005 letter addressed to Mazaheri ("the April Denial Letter").

3. The April Denial Letter was based on a series of false data and faulty reasoning.

4. In addition, the April Denial Letter applied the wrong threshold standard of how much money Mazaheri had to be capable of earning in order to no longer qualify for disability benefits. The standard it applied was too low.

1

5. Mazaheri timely filed a letter appeal with Prudential on October 24, 2005.

6. The Plan specifically addressed the time limits within which Prudential could respond to Mazaheri's appeal. It stated:

> The Prudential Appeals Unit shall make a determination on your claim appeal **within 45 days** of the receipt of you appeal request. This period may be extended by up to 90 days if Prudential determines that special circumstances require an extension of time. **A written notice of extension, the reason for the extension and the date that the Prudential Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period.** However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit termination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.
>
> \* \* \*
>
> If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied.

7. The 45 day time-period for Prudential to respond to Mazaheri's October 24, 2005 appeal expired on December 8, 2005.

8. Prudential has admitted in response to discovery requests that it did not provide Mazaheri with a written request for an extension containing the requisite information.

9. On January 24, 2006, more than a month after Prudential's claim was deemed denied, Mazaheri filed this action to enforce his rights under the Plan.

10. The above-captioned lawsuit seeks to, among other things, recover benefits unlawfully denied to him pursuant to Prudential April 26, 2005

denial letter.

11. Mazaheri's claim for benefits was brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(b), which covers a wide range of employee benefit plans such as disability insurance benefits provided by an employer.

12. On January 30, 2006, and after the initiation of litigation, Prudential sent a decision to Mazaheri denying his appeal.

13. Mazaheri was never provided with notice or a reason for an extension within the required 45 day period.

14. The Plan did not grant Prudential any discretion in determining disability claims.

15. Even if any discretion was allowed by the Plan, Prudential failed to exercise this discretion in a timely manner. Therefore, it is clear that a deemed denial has occurred under the terms of the Plan itself, entitling Mazaheri to *de novo* review before this Court.

16. Under the Plan's post-24 month definition of disability, Mazaheri must be considered disabled if "due to the sickness or injury, he is unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training or experience."

17. Gainful employment is defined as, "an occupation, including self-employment, that is or can be expected to provide you with an income equal to at least a percentage of your indexed monthly earnings within 12 months of your return to work."

18. The core plan provided that the applicable percentage would be fifty

(50%) of the employee's monthly earnings.

19. Mazaheri purchased additional coverage, so that Prudential must pay Mazaheri post-24 months disability coverage, if he cannot, due to his disability, obtain a job at seventy (70%) percent of his monthly earnings.

20. Bank One informed Prudential that Mazaheri's yearly earnings were $146,955.

21. The Court may only look to the evidence available to Prudential as of the April Denial Letter and the reasoning contained in the April Denial Letter because the post-litigation January 30, 2006 letter ("the Post-Litigation Denial Letter") was *void ab initio* as it was issued after the 45 deadline for Prudential to exercise its discretion.

22. The April Denial Letter revealed that Prudential only examined whether Mazaheri can earn sixty (60%) percent of $146,955, which is $88,173, and hence applied the wrong standard.

23. Even under this lesser standard, Prudential's experts have found that Mazaheri's current disabilities prevent him from obtaining a job, which would meet this significantly lower threshold.

24. Prudential's medical and vocational analysis was based on false data and faulty reasoning.

25. If the Court does not employ a *de novo* review, it should apply a heightened arbitrary and capricious standard of review because the Plan grants discretionary authority to its administrator and presents a conflict of interest.

26. If the Court considers the Post-Litigation Denial Letter, the Court should

find that Prudential's reasoning fails under the *de novo* and any arbitrary and capricious standard.

27. Mazaheri is entitled to attorneys' fees and pre-judgment interest.

28. There are no disputed material facts.

29. Mazaheri submits to this Motion the following exhibits:

| | |
|---|---|
| Exhibit "A" | Prudential's Answers to Request for Admissions |
| Exhibit "B" | Prudential's Answer to Interrogatories |
| Exhibit "C" | Prudential's Supplemental Answers to Plaintiff's First Set of Interrogatories |
| Exhibit "D" | Answers to Defendant Prudential to Plaintiff's Second Set of Interrogatories |
| Exhibit "E" | Salary.com Information |
| Exhibit "F" | Prudential Confidential Information (redacted in electronic filing) |

WHEREFORE, Plaintiff Mazaheri respectfully requests that the Court award it summary judgment and the reinstatement of disability benefits from April 26, 2005, pre-judgment interest, and attorneys' fees.

Dated: August 10, 2007

Respectfully submitted by,
ELIZABETH GOLDTEIN, P.C.

s/EJG6473/

By:_____
    Elizabeth J. Goldstein, Esquire
    Attorney for Plaintiff

Pennsylvania Attorney Id # 73779
355 North 21st Street
Camp Hill, PA 17011

Phone: (717) 724-0266
Fax: (717) 724-0288
egoldstein@elizabethgoldsteinlaw.com

## CERTIFICATE OF SERVICE

     Elizabeth J. Goldstein, attorney for the Plaintiff, hereby certifies that on August 9, 2007 I have served the foregoing paper upon counsel of record electronically, addressed as follows:

    Jonathan Dryer, Esquire
    jonathan.dryer@wilsonelser.com

       s/EJG6473/
    _____
    Elizabeth J. Goldstein