United States District Court
For the Eastern District of Pennsylvania

| | |
|---|---|
| **HARRY A. MAZAHERI**<br>61 Spring Dell Road<br>Lancaster, PA 17601<br><br>        Plaintiff,<br>v.<br><br>**PRUDENTIAL INSURANCE**<br>**COMPANY OF AMERICA,:**<br>P.O. Box 13480<br>Philadelphia, PA 19101<br><br>        Defendant | **CIVIL ACTION NO. 2:06-cv-00309-MMB** |

<u>**PLAINTIFF HARRY A. MAZAHERI'S**</u>
<u>**REQUEST FOR ADMISSIONS**</u>
<u>**DIRECTED TO DEFENDANT PRUDENTIAL INSURANCE**</u>
<u>**COMPANY OF AMERICA**</u>

TO:  Defendant Prudential Insurance Company of America
      and
      John Dryer, Esquire, counsel for defendant

      Plaintiff hereby requests, pursuant to Fed. R. Civ. P. 36(a), that you admit the truth of each of the following matters within thirty (30) days of service hereof. You are advised that the requested matters shall be conclusively established, and no further proof shall be required thereon, if you fail to respond within the requisite time period.

      Pursuant to Fed. R. Civ. P. 36(a), when good faith requires that you qualify an answer or deny only part of the matter of which an admission is requested, you are required to specify so much of it as is true and qualify or deny the remainder.

      You are further advised that if you fail to admit the genuineness of any document or the truth of any matter as requested herein, and if plaintiff thereafter proves the genuineness of the document or the truth of the matter, you may be required to pay to plaintiff its

reasonable expenses incurred in making that proof, including reasonable attorneys' fees, as provided by Fed. R. Civ. P. 37(c).

## **DEFINITIONS:**

A.  The term "person," as used herein, means any natural person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys, and others acting or purporting to act on behalf of such natural person, partnership, corporation, or other business entity.

B.  The term "document," as used herein, means all writings, recordings, and photographs as defined by Fed. R. Evid. 1001, and drawings, graphs, charts, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary by Plaintiff or Defendant, through detection devices into a reasonably usable form, whether in draft or final form and tangible things which constitute or contains matter withing the scope of Fed. R. Civ. P. 26(b), whether in draft or final form. It includes without limitation electronic mail, computer databases, microfilm, and meta-data included in any writing, recordings, and photographs. A draft or non-identical copy is a separate document within the meaning of the term "document". It shall include the original and duplicates of any writing, recording, photograph as defined by Fed. R. Evid. 1001 of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

    1.  All contracts, agreements, letter agreements, representations, warranties, certificates, opinions and invoices;

    2.  All letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages, telexes and messages,

including reports, notes, notations, and memoranda of or relating to telephone conversations or conferences;

    3.    All memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, workpapers, corporate records or copies thereof, expressions or statements of policy, lists, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions or reports of consultants;

    4.    All desk calendars, appointment books, and diaries;

    5.    All minutes, records, or transcripts of meetings and conferences and lists of persons attending meetings or conferences;

    6.    All reports and summaries of interviews or negotiations;

    7.    All books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions, and manuals;

    8.    All motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained; and

    9.    Drafts of any documents, revisions of any draft documents, and original or preliminary notes.

C.    The term "communication," as used herein, means all statements, admissions, denials, inquiries, discussion, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, or any other form of written or verbal intercourse.

D.    The term "identify," when used with respect to a document, means to state the date, author, addressee, type of document (e.g. "letter"); to identify its last known custodian

and location; and to state the exhibit number of the document if it has been marked during the course of a court proceeding.

E.  The term "identify," when used with respect to an individual, means to give the person's full name, all known aliases, present or last known business and home addresses and telephone numbers, and present position or business affiliation.

F.  The term "identify," when used with respect to any other "person," means to give the person's official, legal, and formal name or the name under which the person acts or conducts business, the address and telephone number of the person's place of business, professional, commerce, or home, and the identity of the person's principal or chief executive officer or person who occupies the position most closely analogous to a chief executive.

G.  The term "relate(s) to," as used herein, means constitute(s), refer(s) to, reflect(s), concern(s), pertain(s) to, or in any way logically or factually connect(s) with the matter described in the interrogatory.

H.  "You", "Your", and "Prudential" refers to Defendant, and also to his attorneys, agents, representatives, and anyone else acting on defendant's behalf, unless otherwise indicated.

I.  "Mazaheri" refers to Plaintiff Harry A. Mazaheri.

J.  The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request.  The use of a verb in any tense shall be construed as the use of the verb in all tenses and the singular form shall be deemed to include the plural and vice-versa.  The singular form of any noun shall be deemed to include the plural, and vice-versa.  The masculine, feminine, or neuter gender shall include each other.

K.  "Any" includes "all", "each", and "every" and vice-versa.

L.  The term "policy" or "policies" means a rule procedure, or directive, formal or informal, written or unwritten, and includes each common practice, custom, or understanding of course of conduct recognized and accepted by Prudential or Prudential's employees.

1. The Plan documents governing Prudential's April 26, 2005 denial of disability benefits are contained at Pru 0001 to Pru 0053.

2. Prudential did not obtain, commission, or review any studies examining the veracity of facts contained on the Internet relating to Mazaheri prior to issuing its April 26, 2005 denial of Mazaheri's disability benefits.

3. Prudential did not independently determine the veracity of any fact reported to it by Research Consultants Group, Inc. regarding Mazaheri.

Exhibit E to Mazaheri Motion

4. Prudential funded, with its own funds, administered, and interpreted Bank One Corporation Long Term Disability Coverage Group Policy Number DG-56249-IL.

5. Prudential had discretion to determine eligibility of a Bank One employee for disability benefits under Group Policy Number DG-56249-IL.

6. On or prior to April 26, 2005, Prudential was not in possession of any report by a physician opining that Mazaheri was able to perform the duties of any gainful occupation for which he was reasonably fitted by education, training or experience.

7. On or prior to April 26, 2005 Prudential was not in possession of any report by a vocational expert that Mazaheri was capable of earning 70% of his prior monthly earnings at Bank One.

Exhibit E to Mazaheri Motion

8. On or prior to April 26, 2005, Prudential had no knowledge of the proprietary information used by Salary.com to provide the salaries generated by Salary.com's salary wizard.

9. On or prior to April 26, 2005, Prudential had not taken any steps to verify the accuracy of the salaries provided by the Salary.com's Salary Wizard.

Respectfully submitted,

ELIZABETH GOLDSTEIN, P.C.

Dated: 8/31/06

By: *[signature]*

Elizabeth J. Goldstein, Esquire
Attorney for Plaintiff
Pennsylvania Attorney Id # 73779
355 North 21st Street
Camp Hill, PA 17011

Phone: (717) 724-0266
Fax: (717) 724-0288
egoldstein@elizabethgoldsteinlaw.com

## Certificate of Service

Elizabeth J. Goldstein, attorney for Plaintiff, hereby certifies that on April 17, 2006, she served a true and correct copy of the **PLAINTIFF HARRY A. MAZAHERI'S REQUEST FOR ADMISSIONS DIRECTED TO DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA** on Defendant by U.S. Mail, postage pre-paid, as addressed below:

>Jonathan Dryer, Esquire
>
>Independent Square West
>
>The Curtis Center, Suite 1130 East
>
>Philadelphia, PA 19106

*Elizabeth Goldstein*

Elizabeth J. Goldstein

Exhibit E to Mazaheri Motion

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY A. MAZAHERI
61 Spring Dell Road
Lancaster, PA 17601,

       Plaintiff,  :  CIVIL ACTION NO. 06-CV-00309

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
P.O. Box 13480
Philadelphia, PA 19101,

       Defendant.

---

## ANSWER OF DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA TO PLAINTIFF'S REQUEST FOR ADMISSIONS

### GENERAL OBJECTION

Defendant Prudential Insurance Company of America (hereinafter, "Prudential") objects to plaintiff's request for admissions as the policy in question is an Employee Sponsored Benefit Program, and as such, is subject to terms and conditions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Accordingly, these requests for admissions are beyond the scope of discovery in an ERISA setting.

Without waiving said objection, Prudential responds to plaintiff's request for admissions as follows:

1, 4 and 5.     Admitted.

2, 3, 6-9.     Objection. Group Policy Number G-56249 issued by Prudential to Bank One Corporation is an Employee Sponsored Benefit Program, and as such, is subject to terms and conditions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Accordingly, these requests for admissions are beyond the scope of discovery in an ERISA setting. By way of further answer and without waiving said objection,

Exhibit F to Mazaheri Motion

pursuant to the terms and conditions of ERISA, the complete Administrative Record has already been produced to plaintiff, and any documents of the nature described herein appear in the record.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Jonathan Dryer, Esquire
Attorney I.D. # 34496
Maria G. Perri, Esquire
Attorney I.D. #: 86737
*Attorneys for Defendant
The Prudential Insurance
Company of America*

Dated: 10-10-06

210517.1

Exhibit F to Mazaheri Motion