United States District Court
For the Eastern District of Pennsylvania

**HARRY A. MAZAHERI**
61 Spring Dell Road
Lancaster, PA 17601

       Plaintiff,
v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA,:**
P.O. Box 13480
Philadelphia, PA 19101

       Defendant

**CIVIL ACTION NO. 2:06-cv-00309-MMB**

## PLAINTIFF HARRY A. MAZAHERI'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA

TO: Defendant Prudential Insurance Company of America
and
Jonathan Dryer, Esquire, counsel for Defendant

PLEASE TAKE NOTICE that you are hereby required, pursuant to Fed. R. Civ. P. 33 to serve upon the undersigned your answers and objections, if any, in writing and under oath to the following interrogatories within thirty (30) days after service upon your counsel. The answers and objections shall be inserted in the space provided following each interrogatory. If there is insufficient space to respond to an interrogatory, the remainder of the response shall follow on a supplemental sheet.

These interrogatories shall be deemed continuing in nature. If between the time of filing your original answers to these interrogatories and the time you or anyone acting on your behalf learns the identity or location of additional persons having knowledge of discoverable

Exhibit A to Mazaheri Motion

facts or the identity of persons expected to be called as witnesses at trial and not already disclosed in your answers, or if you or an expert witness obtain information upon the basis of which you or he knows that an answer, though correct when made, is no longer true, then you shall promptly supplement your original answers, under oath, to include information thereafter acquired and promptly furnish the same as supplemental answers to the undersigned.

**DEFINITIONS:**

A. The term "person," as used herein, means any natural person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys, and others acting or purporting to act on behalf of such natural person, partnership, corporation, or other business entity.

B. The term "document," as used herein, means all writings, recordings, and photographs as defined by Fed. R. Evid. 1001, and drawings, graphs, charts, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary by Plaintiff or Defendant, through detection devices into a reasonably usable form, whether in draft or final form and tangible things which constitute or contains matter withing the scope of Fed. R. Civ. P. 26(b), whether in draft or final form. It includes without limitation electronic mail, computer databases, microfilm, and meta-data included in any writing, recordings, and photographs. A draft or non-identical copy is a separate document within the meaning of the term "document". It shall include the original and duplicates of any writing, recording, photograph as defined by Fed. R. Evid. 1001 of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

    1. All contracts, agreements, letter agreements, representations, warranties, certificates, opinions and invoices;

2. All letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages, telexes and messages, including reports, notes, notations, and memoranda of or relating to telephone conversations or conferences;

3. All memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, workpapers, corporate records or copies thereof, expressions or statements of policy, lists, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions or reports of consultants;

4. All desk calendars, appointment books, and diaries;

5. All minutes, records, or transcripts of meetings and conferences and lists of persons attending meetings or conferences;

6. All reports and summaries of interviews or negotiations;

7. All books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions, and manuals;

8. All motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained; and

9. Drafts of any documents, revisions of any draft documents, and original or preliminary notes.

C. The term "communication," as used herein, means all statements, admissions, denials, inquiries, discussion, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, or any other form of written or verbal intercourse.

D.  The term "identify," when used with respect to a document, means to state the date, author, addressee, type of document (e.g. "letter"); to identify its last known custodian and location; and to state the exhibit number of the document if it has been marked during the course of a court proceeding.

E.  The term "identify," when used with respect to an individual, means to give the person's full name, all known aliases, present or last known business and home addresses and telephone numbers, and present position or business affiliation.

F.  The term "identify," when used with respect to any other "person," means to give the person's official, legal, and formal name or the name under which the person acts or conducts business, the address and telephone number of the person's place of business, professional, commerce, or home, and the identity of the person's principal or chief executive officer or person who occupies the position most closely analogous to a chief executive.

G.  The term "relate(s) to," as used herein, means constitute(s), refer(s) to, reflect(s), concern(s), pertain(s) to, or in any way logically or factually connect(s) with the matter described in the interrogatory.

H.  "You", "Your", and "Prudential" refers to Defendant, and also to his attorneys, agents, representatives, and anyone else acting on defendant's behalf, unless otherwise indicated.

I.  "Mazaheri" refers to Plaintiff Harry A. Mazaheri.

J.  The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request.  The use of a verb in any tense shall be construed as the use of the verb in all tenses and the singular form shall be deemed to include the plural and vice-versa.  The singular form of any noun shall be deemed to include the plural, and vice-versa.  The masculine, feminine, or neuter gender shall include each other.

Exhibit A to Mazaheri Motion

K.  "Any" includes "all", "each", and "every" and vice-versa.

L.  The term "policy" or "policies" means a rule procedure, or directive, formal or informal, written or unwritten, and includes each common practice, custom, or understanding of course of conduct recognized and accepted by Prudential or Prudential's employees.

1.  State whether Prudential provided Mazaheri with a written notice of extension of the time to make a determination on his October 21, 2005 appeal of Prudential's April 26, 2005 decision to deny him disability benefits, and if Prudential provided a written notice extension of time, provide the date of written notice, and the bate-stamp number of any document provided by Prudential which constitutes such written notice.

2.  Identify, by bate-stamp number which documents constitute the written instrument containing the written disability insurance plan as required by 29 U.S.C. Section 1102.

3. Identify with particularity all documents which were not provided to Mazaheri as part of the Administrative Record because of (1) attorney-client privilege or (2) work-product privilege, and set forth the particular privilege invoked as to each such document.

4. Identify what was contained in Pru 687, and whether Prudential is in possession of a legible copy.

5. Identify what was contained in Pru 1027, and whether Prudential is in possession of a legible copy.

6. Does Prudential maintain a claims manual, procedure manual or any other document, setting forth Prudential's practices or policies regarding the handling of disability claims or appeals? If so, please attach copies relevant to 2004, 2005, and 2006.

7. Does Prudential have an underwriting manual or any other document detailing practices or policies regarding the handling of disability claims or appeals of denials of disability benefits? If so, please attach copies of this material applicable for the time period of 2004, 2005, and 2006.

8. List the names and addresses of all employees and agents of Prudential (other than employees or agents with merely clerical functions) that in any way or manner handled, evaluated, or processed Mazaheri's Disability claim, his October 22, 2005 disability appeal, or Prudential's January 30, 2006 denial of Mazaheri's disability appeal.

9. Identify the names and addresses of witnesses Prudential intends to call at trial, and a summary of their testimony.

10. Identify the names and addresses of experts Prudential intends to call along with the specialties and qualifications of the experts to be called.

11. Identify the exhibits Prudential intends to use at the trial.

12. If Prudential denied any of Mazaheri's First Set of Request for Admissions explain the reasons for denial.

Exhibit A to Mazaheri Motion

13. Explain how Bank One Group Policy Number DG-56249-IL benefits were funded.

14. State whether Bank One or its successor had or have an obligation to refund Prudential for any disability claims paid on Group Policy Number DG-56249-IL.

15. State whether the fee or fees from Bank One and/or its successor paid to Prudential under DG-56249-IL is a fixed fee or is dependent on the amount of benefits paid out by Prudential.

16. Was any additional remuneration paid to Prudential employees or agents as a result of Prudential's April 20, 2005 or January 30, 2006 denial of Mazaheri's claim or appeal for disability benefits?

17. What actions did Prudential take to determine the veracity of facts stated about Mazaheri on the Internet, which were used by Prudential in its April 26, 2005 denial letter?

18. Identify the factual basis of the eleventh affirmative defense, contained in Prudential's Answer and Affirmative Defenses filed in the above-captioned case, that Mazaheri failed to exhaust all administrative remedies prior to filing suit.

19. Identify each person who prepared or helped to prepare Prudential's answer to Mazaheri's First Set of Interrogatories.

Respectfully submitted,

ELIZABETH GOLDSTEIN, P.C.

Dated: 8/31/06

By: *[signature]*

Elizabeth J. Goldstein, Esquire
Attorney for Plaintiff
Pennsylvania Attorney Id # 73779
355 North 21st Street
Camp Hill, PA 17011

Phone: (717) 724-0266
Fax: (717) 724-0288
egoldstein@elizabethgoldsteinlaw.com

## Certificate of Service

Elizabeth J. Goldstein, attorney for Plaintiff, hereby certifies that on August 31, 2006, she served a true and correct copy of the **PLAINTIFF HARRY A. MAZAHERI'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA** on Defendant by U.S. Mail, postage pre-paid, as addressed below:

> Jonathan Dryer, Esquire
> Independent Square West
> The Curtis Center, Suite 1130 East
> Philadelphia, PA 19106

_____
Elizabeth J. Goldstein

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY A. MAZAHERI**<br>61 Spring Dell Road<br>Lancaster, PA 17601,<br><br>Plaintiff,<br><br>**PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,**<br>P.O. Box 13480<br>Philadelphia, PA 19101,<br><br>Defendant. | CIVIL ACTION NO. 06-CV-00309 |

### ANSWER OF DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

#### GENERAL OBJECTION

Defendant Prudential Insurance Company of America (hereinafter, "Prudential") objects to plaintiff's first set of interrogatories as the policy in question is an Employee Sponsored Benefit Program, and as such, is subject to terms and conditions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Accordingly, these requests for admissions are beyond the scope of discovery in an ERISA setting.

Without waiving said objection, Prudential responds to this request as follows:

1.  Any and all documents of this nature in Prudential's possession have previously been produced as part of the administrative record. By way of further answer, it was clear that Prudential was continuing its determination of plaintiff's appeal via correspondence and verbal communications between Prudential and plaintiff. See administrative record, including but not limited to, Pru 0111 - 0112, Pru 0115, Pru 0160, Pru 0193, Pru 1117 - 1118.

2.  Bank One Corporation's Long Term Disability Coverage and Group Contract Schedule for Group Policy Number G-56249 are bates stamped Pru 0001 through Pru 0049.

210517.1

3. None.

4-5. Any and all documents of this nature in Prudential's possession have previously been produced as part of the administrative record.

6-8. Objection. Group Policy Number G-56249 issued by Prudential to Bank One Corporation is an Employee Sponsored Benefit Program, and as such, is subject to terms and conditions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Accordingly, these interrogatories are beyond the scope of discovery in an ERISA setting. By way of further answer and without waiving said objection, pursuant to the terms and conditions of ERISA, the complete Administrative Record has already been produced to plaintiff.

9-11. Prudential believes this matter will be decided on summary judgment motion. To the extent this proves not to be the case, unknown at this time.

12. Not applicable.

13. Valid claims made under Group Policy Number G-56249, issued by Prudential to Bank One Corporation, are paid by Prudential.

14. No. Neither Bank One nor its successor had or have an obligation to refund Prudential for any disability claims paid on Group Policy Number G-56249.

15. The premiums paid under Group Policy Number G-56249 are not adjusted by loss experience.

16. No.

17. Objection. Group Policy Number G-56249 issued by Prudential to Bank One Corporation is an Employee Sponsored Benefit Program, and as such, is subject to terms and conditions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Accordingly, these interrogatories are beyond the scope of discovery in an ERISA setting. By way of further answer and without waiving said objection, pursuant to the terms and conditions of ERISA, the complete Administrative Record has already been produced to plaintiff.

18. Plaintiff filed his suit prior to Prudential issuing a determination on his appeal of the decision to terminate his claim for Long Term Disability.

210517.1

19. Prudential, in conjunction with its counsel, prepared the answers to these interrogatories.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Jonathan Dryer, Esquire
Attorney I.D. # 34496
Maria G. Perri, Esquire
Attorney I.D. #: 86737
*Attorneys for Defendant*
*The Prudential Insurance*
*Company of America*

Dated: 10-10-06

210517.1

## CERTIFICATE OF SERVICE

I, Jonathan Dryer, attorney for Defendant, The Prudential Insurance Company of America, hereby certify that I caused a true and correct copy of Defendant, Prudential Insurance Company of America's responses to plaintiff's Request for Admissions, First Set of Interrogatories and Request for Production of Documents to be served on the following by postage pre-paid, first class United States mail:

Elizabeth J. Goldstein, Esquire
355 North 21st Street
Camp Hill, Pennsylvania 17011

Dated: October 10, 2006

Jonathan Dryer, Esquire

210517.1