IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY A. MAZAHERI　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　Plaintiff,　　　　　　　　　　　 : 　CIVIL ACTION NO. 06-CV-00309
　　　　　　　　　　　　　　　　　　:
PRUDENTIAL INSURANCE　　　　　　:
COMPANY OF AMERICA,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　Defendant.　　　　　　　　　　　:

## SUPPLEMENTAL ANSWERS OF DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. There is no single document that in and of itself advises plaintiff that the determination period was being extended. By way of further answer, any and all documents in Prudential's possession have previously been produced as part of the administrative record, and it was clear from the totality of the circumstances that Prudential was continuing its determination of plaintiff's appeal via correspondence and verbal communications between Prudential and plaintiff. See administrative record, including but not limited to, Pru 0111 - 0112, Pru 0115, Pru 0160, Pru 0193, Pru 1117 – 1118.

2. Bank One Corporation's Long Term Disability Coverage and Group Contract Schedule for Group Policy Number G-56249 are bates stamped Pru 0001 through Pru 0049.

3. None.

4. Pru 687 is an ink stained, transposed, copy of the previous page, Pru 686. There is nothing of substance represented by this page. Prudential is not in possession of a copy which is clearer than that provided to plaintiff.

5. Pru 1027 is an ink stained, transposed copy of the previous page, Pru 1026. There is nothing of substance represented by this page. Prudential is not in possession of a copy which is clearer than that provided to plaintiff.

6. No.

234335.1

7. Prudential has an underwriting manual. However, this manual does not address practices and policies regarding the handling of disability claims or appeals of denials of disability claims.

8. Gina Hendricks, Thomas Virgilio, CRC, Tanja Chrapko, Marlaina Murray, Gerard Gonnella, Gregg Schwartzkopf, Rachel Evans-Sweeney, and Renita Powell all worked on the file. Attempts to contact these individuals should be addressed through Prudential's counsel if permitted by the court upon a show of relevance and need.

9-11. Prudential believes that this matter will be decided on summary judgment motion. To the extent this proves not to be the case, unknown at this time.

12. See Supplemental Answers of Defendant Prudential Insurance Company of America to Plaintiff's Request for Admissions, as well as any reasons contained in individual denials.

13. Valid claims made under Group Policy Number G-56249, issued by Prudential to Bank One Corporation, are paid by Prudential.

14. No. Neither Bank One nor its successor had or have an obligation to refund Prudential for any disability claims paid on Group Policy Number G-56249.

15. The premiums paid under Group Policy Number G-56249 are not adjusted by loss experience.

16. No.

17. In an attempt to thoroughly determine plaintiff's claim for total disability, Prudential engaged the services of Research Consultants Group ("Research Consultants") who performed an investigation into plaintiff's background. Research Consultants verification of facts included, but was not limited to, contacting US Lacross to confirm information found on particular websites and also conducted interviews of the Athletic Director of Conestoga Valley High School. The Athletic Director then directed the investigator to "Mr. Sasse" who was also contacted. The investigator then contacted the Chamber of Commerce and Parks and the Recreation Department of the City of Lancaster to further confirm lacross information. The investigator also contacted the local newspaper to see if it ran any articles on plaintiff that

234335.1

may confirm the information and spoke with an author who wrote articles on plaintiff and his involvement in lacross. Prudential (Pru 0806 – Pru 0807). Prudential reasonably relied on the investigative services of Research Consultants and its proper methods of investigation and studies into the veracity of the facts outlined in the investigative report.

18. Plaintiff filed his suit prior to Prudential issuing a determination on his appeal of the decision to terminate his claim for Long Term Disability.

19. Prudential, in conjunction with its counsel, prepared the answers to these interrogatories.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Jonathan Dryer, Esquire
Attorney I.D. # 34496
Maria G. Perri, Esquire
Attorney I.D. #: 86737
*Attorneys for Defendant*
*The Prudential Insurance*
*Company of America*

Dated: **3-21-07**

234335.1

## CERTIFICATE OF SERVICE

I, Jonathan Dryer, attorney for Defendant, The Prudential Insurance Company of America, hereby certify that I caused a true and correct copy of Defendant, Prudential Insurance Company of America's Supplemental Answers to Plaintiff's Request for Admissions, First Set of Interrogatories and Request for Production of Documents to be served on the following by postage pre-paid, first class United States mail:

        Elizabeth J. Goldstein, Esquire
        355 North 21st Street
        Camp Hill, Pennsylvania 17011

Dated: March 22, 2007

        Jonathan Dryer, Esquire

234335.1