IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY A. MAZAHERI** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 06-CV-00309 |
| | : | |
| **PRUDENTIAL INSURANCE COMPANY OF AMERICA,** | : | |
| | : | |
| Defendant. | : | |

## ANSWERS OF DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

### GENERAL OBJECTION

Defendant Prudential Insurance Company of America (hereinafter, "Prudential") objects to plaintiff's second set of interrogatories as the policy in question is an Employee Sponsored Benefit Program, and, as such, is subject to terms and conditions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"). Accordingly, these interrogatory requests are beyond the scope of discovery in an ERISA setting.

Without waiving said objection, Prudential responds to plaintiff's second set of interrogatories as follows:

1. Identify the individuals at Prudential which assisted or reviewed the responses provided by Prudential in (a) Answer of Defendant Prudential Insurance Company of America to Plaintiff's First Set of Interrogatories and (b) Supplemental Answers to Defendant Prudential Insurance Company of America to Plaintiff's First Set of Interrogatories in the above-captioned case.

**ANSWER:** The Answers and Supplemental Answers of Prudential to Plaintiff's First Set of Interrogatories were prepared by the undersigned counsel for Prudential.

252099.1

2. Provide the date Prudential first provided Plaintiff a copy of the document later included in the administrative record and bate-stamped Pru 1066.

**ANSWER:** The document in the Administrative Record bate stamped Pru 1066 is an internal Prudential document termed a SOAP note. Thus, this document would not have been provided to plaintiff.

3. Identify by bate-stamp the documents in the administrative record which support the contention that Prudential requested tax documents from Plaintiff on November 2, 2005.

**ANSWER:** Pursuant to Fed.R.Civ.P. 33(d), Prudential has the option to produce records in response to an interrogatory request. In this case, the entire Administrative Record was produced which is the sole source of information for Prudential concerning this matter. The answer to this interrogatory is as easily ascertainable by plaintiff's review of these documents and Prudential is under no obligation to do the work which plaintiff can just as easily do himself.[1] By way of further answer, Prudential's stated a request for tax documents was requested on or about November 2, 2005. Actions to be taken by Prudential are normally executed contemporaneously or in close proximity with information in SOAP notes. Accordingly, see Pru 1065.

---

[1] Fed.R.Civ.R. 33(d) states:

**Rule 33 Interrogatories to Parties**

**(d) Option to Produce Business Records.**

Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including compilation, abstract or summary thereof, and *the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilation, abstracts or summaries*. A specification shall be in sufficient detail to permit the interrogatoring party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained. [Emphasis added].

252099.1

4.     Identify the date Prudential provided a written decision to Plaintiff or Plaintiff's counsel in response to Plaintiff's appeal of Prudential's April 26, 2005 denial of disability insurance coverage.

**ANSWER:**    Please see Pru 0056 through 0059 which is a document whose terms and conditions speak for themselves.

5.     Explain how Plaintiff's counsel's change of law firms in January of 2006 impacted Prudential's provision of a written determination on Plaintiff's appeal of Prudential's April 26, 2005 denial of disability insurance coverage.

**ANSWER:**    Pursuant to the Administrative Record, Prudential telephoned plaintiff's counsel on January 30, 2006 to obtain her correct contact information. Prudential's determination letter was forwarded the same day. See Pru 1120.  If plaintiff's counsel did not provide Prudential valid contact information prior to this date, it would, in turn, preclude Prudential from forwarding the determination letter to counsel any earlier than the date the correct information was received.

6.     Identify any documents in the administrative record which support the assertions contained in Prudential's answer to Interrogatory 5 set forth above.

**ANSWER:**    See Pru 1120.

7.     State whether Pru 1117 to 1118 were provided to Plaintiff or Plaintiff's counsel contemporaneously with its creation.

**ANSWER:**    The documents in the Administrative Record bate stamped Pru 1117-1118 are internal Prudential Telephone Logs.  Thus, these documents would not have been provided to plaintiff.

252099.1

8.      State what is a "SOAP Note" or S O A P  Note" and whether these notes are contemporaneously provided to a disability claimant.

**ANSWER:**   A "SOAP note" is an acronym commonly used in the industry which stands for <u>S</u>ubjective, <u>O</u>bjective, <u>A</u>ssessment and <u>P</u>lan.  It is a method of documentation used by Prudential to capture these respective components, where this information is available and applicable.  SOAP notes are internal documents and are not provided to a disability claimant.  Other examples of SOAP notes include common use by doctors and other health care providers to document patient encounters and create a medical record.

9.      Identify the individual at Prudential who assisted in the preparation of the Interrogatory Answers to Plaintiff's Second Set of Interrogatory Requests set forth above.

**ANSWER:**   Prudential's answers to plaintiff's second set of interrogatories were prepared by counsel for Prudential.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
     Jonathan Dryer, Esquire
     Attorney I.D. # 34496
     Maria G. Perri, Esquire
     Attorney I.D. #: 86737
     *Attorneys for Defendant*
     *The Prudential Insurance*
     *Company of America*

252099.1

## CERTIFICATE OF SERVICE

I, Jonathan Dryer, attorney for Defendant, The Prudential Insurance Company of America, hereby certify that I caused a true and correct copy of Defendant, Prudential Insurance Company of America's Answers to Plaintiff's Second Set of Interrogatories to be served on the following by postage pre-paid, first class United States mail:

>Elizabeth J. Goldstein, Esquire
>355 North 21st Street
>Camp Hill, Pennsylvania 17011

Dated:_____     _____
                                                                                                              Jonathan Dryer, Esquire